```
1  JAN I. GOLDSMITH, City Attorney
   DONALD R. WORLEY, Assistant City Attorney
2  STACY J. PLOTKIN-WOLFF, Deputy City Attorney
   California State Bar No. 174793
3        Office of the City Attorney
         1200 Third Avenue, Suite 1100
4        San Diego, California 92101-4100
         Telephone: (619) 533-5800
5        Facsimile: (619) 533-5856

6  Attorneys for Defendant
   SAN DIEGO POLICE DEPARTMENT
7
```

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| Paul Forrest, | ) Case No. 10cv2211 AJB (NLS) |
|---|---|
| Plaintiff, | ) **DEFENDANT SAN DIEGO POLICE DEPARTMENT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)** |
| v. | |
| San Diego Police Department and Does 1 to 10, | |
| Defendant. | |
|  | ) Date: 9/30/2011 |
|  | ) Time: 1:30 p.m. |
|  | ) Judge: Hon. Anthony J. Battaglia |
|  | ) Court Room: 12 |
|  | ) Trial: Not Yet Set |

Defendant San Diego Police Department specially appears to contest jurisdiction or otherwise challenge the pleadings and asks this Court to dismiss the plaintiff's complaint because it fails to state a claim upon which may be granted in that Plaintiff did not sue a "person" and failed to allege elements necessary to sue a governmental entity.

## I

## INTRODUCTION

This matter involves an improper attempt by Plaintiff Paul Forrest (hereinafter referred to as "Plaintiff") to sue the San Diego Police Department (hereinafter referred to as "SDPD") for alleged but unspecified violations of Plaintiff's civil rights. Plaintiff contends that four unnamed officers questioned and harassed him, pulled him out of his vehicle and assaulted him.

//////

Document Number: 151742        1

The allegations contained in Plaintiff's complaint are insufficient to state a cause of action as against SDPD. Initially, SDPD, as a municipal department, is an improper defendant in §1983 claims. Further, Plaintiff does not allege that the actions alleged in his complaint were taken pursuant to any official SDPD policy, custom or practice.

As a result of the above deficiencies, Plaintiff's Complaint fails to plead a cause of action against SDPD. Plaintiff cannot cure this defect. Accordingly, SDPD respectfully requests that this Court grant this motion to dismiss, without leave to amend.

## II

## PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on August 24, 2009, four <u>unnamed</u> SDPD officers "began to question and harass Plaintiff", that he was "pulled . . . out of his vehicle, and [thrown] to the ground." He further alleges that "SDPD Officers Does 1-4 began to kick and knee Plaintiff repeatedly while he was on the ground", that Plaintiff was cooperating and "at no time resisted Defendants." Complaint (Doc. 1) at ¶3. As such, Plaintiff alleges that "Defendants used excessive force when handling Plaintiff in violation of Plaintiff's Constitutional rights." *Id.* at ¶4.

Plaintiff's complaint attempts to assert one cause of action – deprivation of his unspecified Constitutional rights in violation of 42 U.S.C. §§ 1983 and 1985. *Id.* at p. 1. Plaintiff's Complaint does not specify which rights he alleges were deprived.

## III

**THIS COURT SHOULD DISMISS THE COMPLAINT BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss if the complaint fails to state a claim upon which relief can be granted. A motion to dismiss under FRCP 12(b)(6) tests the legal sufficiency of the pleadings. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). In ruling on a motion pursuant to Rule 12(b)(6), a trial court may consider the facts alleged in the complaint, documents attached to the complaint, documents incorporated by reference in the complaint, and matters of which the Court takes judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Moreover, a court must construe the pleadings "in the

1  light most favorable to the plaintiff," and "must accept as true all material allegations in the
2  complaint, as well as any reasonable inferences to be drawn from them." *Broam v. Bogan*, 320
3  F.3d 1023, 1028 (9th Cir. 2003).
4        A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the
5  factual allegations do not raise the "right to relief above the speculative level." *Bell Atlantic v.*
6  *Twombly*, 550 U.S. 544, 555 (2007).  Further, a trial court has discretion to dismiss a complaint
7  <u>without leave to amend</u> if the court concludes that dismissal is appropriate.  *Lopez v. Smith,* 203
8  F.3d 1122, 1127, 1130 (9th Cir. 2000).  Where the defect in the pleading cannot be cured, the trial
9  court should dismiss the complaint without leave to amend.  *Id.* at 1127 (citing *Doe v. United*
10 *States*, 58 F.3d 494, 497 (9th Cir. 1995)).
11       Here, Plaintiff's claims against SDPD should be dismissed pursuant to FRCP 12(b)(6) for
12 two reasons.  First, SDPD is not "person" within the definition of 42 U.S.C. § 1983, and is
13 therefore not a proper defendant in Section 1983 claims.  Second, the Complaint fails to allege
14 any official governmental policy under which the actions allegedly employed by the unnamed
15 officers were performed.

16     **A.  This Court Should Dismiss Plaintiff's Complaint Because the San Diego Police Department Is Not a "Person" Subject to a 42 U.S.C. §1983 Claim.**
17

18       Claims under 42 U.S.C. § 1983 may be asserted against any "person" who allegedly
19 violated the U.S. Constitution or a federal law, while acting under color of law.  42 U.S.C. §1983.
20 The term "persons" under Section 1983 encompasses state and local officials sued in their
21 individual capacities, private individuals and entities which acted under color of state law, and
22 local government entities.  *Vance v. County of Santa Clara*, 928 F.Supp. 993, 995-996 (N.D. Cal.
23 1996) (citing *Stump v. Gates,* 777 F. Supp. 808, 816 (D. Colo. 1991)); *see also Muhammad v. San*
24 *Diego County Sheriff's Dep't*, 2007 WL 3306071 at *4 (S.D. Cal., 2007).
25       The term "person" does not include municipal departments.  *Vance,* 928 F.Supp. 995-996;
26 *see also*, *Paschelke v. Doe*, 2010 WL 2640501 at 1 (S.D. Cal. June 30, 2010) ("[w]hile local
27 government units, such as counties or municipalities, are considered 'persons' within the
28 meaning of Section 1983 . . . municipal departments and sub-units, including police departments,

are not"); *Chadwick v. San Diego Police Dep't*, 2010 WL 883839 at *6 (S.D. Cal. March 8, 2010) ("[a]s a preliminary matter, a municipal police or law enforcement department is not a 'person' subject to suit under §1983"). Naming a municipal department as a defendant is not an appropriate means of pleading a Section 1983 action against a municipality. *Stump*, 777 F. Supp. at 816; *see also Muhammad v. San Diego County Sheriff's Dep't*, 2007 WL 3306071 at 4 (S.D. Cal. 2007).

SDPD is a municipal department of the City of San Diego "charged with the preservation of the peace and order of the City, the protection of all persons and property, and the enforcement of all penal ordinances and laws." SDMC, §22.0601.[1] As a municipal department, SDPD is not a "person" within the definition of Section 1983, and, therefore, cannot be liable under Section 1983. Consequently, Plaintiff's Complaint fails to state a cause of action as against SDPD.

Leave to amend should not be granted because Plaintiff cannot allege any additional facts which would overcome the legal principal that a municipal department cannot be liable under Section 1983. SDPD cannot be liable under Section 1983 in this matter, regardless of the nature or content of the allegations.

Accordingly, SDPD respectfully requests that this Court dismiss Plaintiff's complaint, with prejudice and without leave to amend, pursuant to FRCP 12(b)(6).

**B.   This Court Should Dismiss Plaintiff's Complaint Because It Does Not Allege an Official Government Policy Or Custom.**

In order to maintain a Section 1983 action against a governmental entity, a plaintiff must allege and present evidence that the allegedly unconstitutional activities of the police officer were pursuant to "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the entity's] officers." *Monell v. City Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); *see also Kirkpatrick v. City of Los Angeles*, 803 F.2d 485, 491 (9th Cir. 1986). A government entity may also be liable under Section 1983 for constitutional deprivations which

---

[1] SDPD respectfully requests that this Court take judicial notice of the fact that the SDPD is a municipal department of the City of San Diego and the relevant portions of the San Diego Municipal Code establishing this fact. SDPD filed a Request for Notice together with this motion.

1  occurred "pursuant to governmental 'custom' even though such a custom has not received formal
2  approval through the [entity's] official decision making channels." *Monell*, 436 U.S. at 690.
3  With respect to custom, "[l]iability will be imposed upon a municipality where the plaintiff
4  establishes a series of similar acts sufficient to establish a 'longstanding practice or custom which
5  constitutes the "standard operating procedure" of the local government entity.'" *Martin v. County
6  of San Diego*, 650 F.Supp.2d 1094, 1103 (S.D. Cal. 2009) (quoting *Ulrich v. City and County of
7  San Francisco*, 308 F.3d 968, 984 (9th Cir. 2002).
8       In this case, Plaintiff did not allege that the actions by the unnamed officers were taken
9  pursuant to any official SDPD policy, ordinance, regulation or decision.  Plaintiff also did not
10 alleged that those unnamed officers acted pursuant to any SDPD custom or practice.
11 Consequently, there is a complete lack of allegations under which SDPD is even potentially liable
12 pursuant to Section 1983.  Accordingly, this Court should grant SDPD's FRCP 12(b)(6) motion
13 and dismiss this lawsuit without leave to amend.

## V

## CONCLUSION

Plaintiff failed to plead sufficient allegations to state a cause of action against SDPD. First, SDPD is not a proper party in Section 1983 claims.  Second, Plaintiff did not allege any policy, ordinance, regulation, or under which the actions undertaken by the unnamed police officers occurred.  Accordingly, SDPD respectfully requests that this Court grant its FRCP 12(b)(6) motion to dismiss without leave to amend because there are no facts that Plaintiff could plead that would overcome the fact that SDPD is not a proper defendant in this matter.

Dated: March 30, 2011         JAN I. GOLDSMITH, City Attorney

By  /s/ Stacy J. Plotkin-Wolff
     Stacy J. Plotkin-Wolff
     Deputy City Attorney

Attorneys for Defendant
SAN DIEGO POLICE DEPARTMENT